**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARISBELL PAOLA QUINTERO MORILLO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,**<br><br>**Respondents.** | ) | **Case No. CIV-26-2102-J** |

**REPORT AND RECOMMENDATION**

Petitioner Darisbell Paola Quintero Morillo, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. Under an expedited briefing schedule, Respondents timely filed a Motion to Dismiss. Doc. 8. Petitioner responded, Doc. 9, and Respondents filed a Reply, Doc. 10. On August 12, 2026, Petitioner also filed a Motion to Effect Service, Doc. 2.

For the reasons below, the undersigned recommends that the Court deny Respondents' Motion to Dismiss and grant the Petition in part. The undersigned further recommends the Court order Respondents to provide Petitioner a bond hearing under 8

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on April 28, 2021, and was detained shortly thereafter. Pet. at 3; Doc. 1-1 at 3 (Notice to Appear). On May 18, 2021, ICE released Petitioner on an Order of Release on Recognizance. Pet. at 3; Doc. 1-1 at 4 (Order of Release on Recognizance). Since her release, Petitioner alleges she maintained lawful employment, established family and community ties, obtained Temporary Protected Status ("TPS"), and complied with all reporting requirements. Pet. at 3-4; Doc. 1-1 at 6 (TPS Approval Notice). On September 13, 2021, she filed an Application for Asylum. Pet. at 3. On March 21, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 1-1 at 3.

On March 9, 2026, ICE re-detained Petitioner during a scheduled check-in. Pet. at 4. Respondents acknowledge Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Resp. at 4-5. Petitioner did not allege she requested a bond hearing.[2] Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding

[2] Petitioner asserts she "previously sought release through the immigration custody process," but does not clarify whether she sought a bond redetermination hearing. Pet. at 5.

precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On March 31, 2026, Petitioner filed through counsel a Petition for Writ of Habeas Corpus in the Northern District of Texas while she was detained within that District. *Quintero Morillo v. Warden of Prairieland Det. Ctr.*, No. CIV-26-1027-E-BK, Petition, Doc. 1 (N.D. Tex. Mar. 31, 2026) ("First Habeas Proceeding"); *see* Doc. 8-2 at 1 (Electronic Docket for First Habeas Proceeding as of August 27, 2026). The First Habeas Proceeding was fully briefed on June 3, 2026. Doc. 8-2 at 6 (showing Petitioner's reply brief filed on June 3, 2026). On September 14, 2026, Petitioner's request to dismiss the First Habeas Proceeding was granted, and the case was terminated. Doc. 10-1 at 7 (ECF Docket for First Habeas Proceeding, last accessed Sept. 16, 2026).

On July 9, 2026, an IJ ordered Petitioner removed to Venezuela. Doc. 8-1 at 1, 3 (IJ Order). However, on July 20, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Oct. 5, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

On August 12, 2026, Petitioner filed the instant petition. Pet. at 1. When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 5, 2026).

## II. <u>Petitioner's Claims and Respondents' Motion to Dismiss</u>

Liberally construed, Petitioner alleges (1) her detention violates the Immigration and Nationality Act ("INA") because she is not properly detained under 8 U.S.C. § 1225(b)(2)(A) because she is not an applicant for admission and she is more appropriately detained under 8 U.S.C. § 1226(a); and (2) her continued detention violates her due process rights. Pet. at 6-9. She asks the Court to "order [her] release from immigration detention under reasonable and appropriate conditions sufficient to ensure [her] continued availability for and participation in immigration proceedings." *Id.* at 16 (citation modified).

On August 27, 2026, Respondents filed a Motion to Dismiss the Petition, arguing the Court should dismiss the Petition without prejudice as an abuse of the writ. Doc. 8 at 2-5. In response, Petitioner acknowledges her First Habeas Proceeding but argues she should not be precluded from pursuing this Petition as she is now detained within this District and dismissing the present action would leave her without meaningful review of her detention. Doc. 9. Respondents filed a reply in support of the Motion, arguing (1) Petitioner's Response was filed too late and, therefore, should be stricken; and (2) alternatively, Petitioner is entitled to a bond hearing under binding Tenth Circuit precedent because her First Habeas Proceeding was dismissed. Doc. 10.

On September 25, 2026, Petitioner filed a Motion to Accept Response Out of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B), and Motion for Leave to File a Limited Sur-Reply. Doc. 11. On October 5, 2026, the Court granted Petitioner's Motion in part and accepted

her Response. Doc. 15. Accordingly, because Petitioner's Response has been accepted and Respondents timely filed a reply, Respondents' Motion to Dismiss is at issue.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Respondents' Motion to Dismiss should be denied because the Petition is not an abuse of the writ.

Respondents move to dismiss the Petition, arguing Petitioner has abused the writ because "at the time she filed the Petition in this matter, Petitioner had filed suit seeking habeas relief from the Northern District of Texas, which lawsuit challenged the Constitutionality of her detention." Doc. 8 at 2-3 (citation modified).

"Where a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways. If the first § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice. The petitioner is then free to continue prosecuting claims in his existing § 2241 case." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (citation modified) (quoting *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "On the other hand, if 'the first § 2241 was denied on the merits and final

judgment has been entered, the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1 (citation modified). "The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new 'claims that could have been raised in an earlier petition but were not.'" *Lazare*, 2026 WL 2071154, at *2 (citation modified) (quoting *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010)). Once the government alleges Petitioner has abused the writ, petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991)); *see also Salib*, 2026 WL 2393174, at *1 (finding petitioner must satisfy the same burden where the Court raises the abuse of writ issue sua sponte).

Petitioner alleges "after ICE transferred [her] from Texas to Oklahoma, [she] took steps to close the prior Texas habeas proceeding because she was no longer physically confined within that District and a new habeas action had been filed in the district of her present detention." Doc. 9 at 1-2 (citation modified). She argues "the fact that [she] previously sought habeas relief in another district should not deprive this Court of the ability to consider the legality of her present confinement where she is now detained within this District." *Id.* at 2. Respondents acknowledge "Petitioner no longer has two habeas actions pending" and "urge the Court to find that the Petition (Doc. 1) and the claims stated therein are controlled by the Tenth Circuit's opinion in *Santillan Quiroz*." Doc. 10 at 4.

Here, Petitioner sought to dismiss the First Habeas Proceeding when she was transferred to Diamondback Correctional Facility. On September 14, 2026, the Northern District of Texas granted her motion to dismiss the First Habeas Proceeding and terminated

the case. *See* Doc. 10-1 at 7 ("Petitioner states that she no longer wishes to proceed with this habeas corpus action because she recently filed a second habeas corpus petition in the Western District of Oklahoma, where she is now confined. As it does not appear that Respondent will suffer prejudice beyond litigating the issues raised in the instant action, the Court deems proper granting Petitioner['s] motion for voluntary dismissal."). Accordingly, the First Habeas Proceeding was not "denied on the merits" or had a final judgment entered, such that "the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1; *see also Reeves v. Little*, 120 F.3d 1136, 1139 (10th Cir. 1997) (noting abuse of the writ requires dismissal where a second petition "repeats claims previously decided on the merits").[3]

Accordingly, the undersigned recommends that the Court deny Respondents' Motion to Dismiss, Doc. 9, because Petitioner has not abused the writ.

[3] The undersigned acknowledges Judges in this District, including this Court, have denied petitions and found an abuse of the writ where there was a final judgment in a district court in a different circuit based on that circuit's binding case law. *See Rabadanov v. Figueroa*, No. CIV-26-1441-J, Order, Doc. 15, at 4 (W.D. Okla. Sep. 29, 2026); *Salib v. Figueroa*, No. CIV-26-1250-D, Order, Doc. 26, at 4-5 (W.D. Okla. Sep. 30, 2026). However, this case is distinguishable from these prior decisions because there was no decision on the merits or final judgment entered in Petitioner's First Habeas Proceeding. Doc. 10-1 at 7.

**B. Section 1226(a) applies to Petitioner's detention.**[4]

Next, the Court must determine what provision governs Petitioner's detention.[5] The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

---

[4] Petitioner claims she "previously sought release through the immigration custody process," which was denied and that she did not appeal that decision. Pet. at 3. She alleges, however, there is "no express statutory exhaustion requirement" and "exhaustion does not bar review." *Id.* The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

[5] Respondents have not filed a Response to the Petition pursuant to the Order for Response, Doc. 6 at 1. However, in their Reply to the Motion, Respondents substantively address Petitioner's claims in the alternative, Doc. 10 at 4-6, and acknowledge "*Santillan Quiroz* controls the outcome of this case," *id.* at 4. Accordingly, a separate Response to the Petition is not necessary to resolve the Petition.

Liberally construed, Petitioner alleges her continued detention under § 1225(b)(2) is unlawful and violates the INA because she was apprehended in the United States and is not an applicant for admission. Pet. at 6-8. Respondents acknowledge the outcome of this case is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), but urge the Court only to order a bond hearing and go no further. Doc. 10 at 4-5.

In *Santillan Quiroz*, the Tenth Circuit rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

[6] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sep. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v.*

Further, Petitioner's application for asylum does not change the analysis or render her "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**C. The proper remedy is a bond hearing.**

Petitioner seeks "release from immigration detention under reasonable and appropriate conditions sufficient to ensure [her] continued available for participation in immigration proceedings." Pet. at 16. The undersigned concludes, however, a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's

---

*Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[7]

### D. The Court should decline to address Petitioner's due process claim.

Petitioner also argues her continued detention without a bond hearing violates her rights to due process. Pet. at 8-12. If the Court grants Petitioner habeas relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of her due process claim based on her continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **DENY** Respondents' Motion to Dismiss, Doc. 8, and **GRANT in part** the Petition for habeas relief by ordering

---

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending Motion to Effect Service, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 13, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 5th day of October, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE