**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DARISBELL PAOLA QUINTERO MORILLO, )
)
Petitioner, )
)
v. ) Case No. CIV-26-2102-J
)
WARDEN, DIAMONDBACK )
CORRECTIONAL FACILITY, et al., )
)
Respondents. )

**ORDER**

Petitioner Darisbell Paola Quintero Morillo, a Venezuelan citizen, entered the United States in April 2021 and was detained by Immigration and Customs Enforcement (ICE) shortly thereafter. She was released in May 2021 but re-detained in March 2026 and has now filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging that detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) deny Respondents' motion to dismiss, (2) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release her. (Rep. & Rec.) [Doc. No. 16]. Respondents filed a timely objection, [Doc. No. 17], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In relevant part, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, her continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 8-10. Respondents object to the §

1226(a) classification but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) applies. [Doc. No. 17].

In *Quiroz*, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

For the reasons above, the Report and Recommendation [Doc. No. 16] is ADOPTED. Respondents' motion to dismiss [Doc. No. 8] is DENIED and Petitioner's Petition [Doc. No. 1] is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order. Petitioner's motion to effect service [Doc. No. 2] is DENIED as MOOT.

A separate judgment will enter.

IT IS SO ORDERED this 15th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE